UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL MCGORE, #142739,

    Plaintiff,

v.                      CASE NO. 2:17-CV-13135
                     HONORABLE PAUL D. BORMAN

TRINITY FOOD GROUP, et al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND DISMISSING COMPLAINT

I.    Introduction

Michigan prisoner Darryl McGore ("Plaintiff"), currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a pro se civil rights complaint (with a supplement/amendment) pursuant to 42 U.S.C. § 1983, as well as an application to proceed in forma pauperis. In his complaint, which is somewhat difficult to read, Plaintiff raises claims concerning the food service at various prisons, including the Baraga Correctional Facility, the Alger Correctional Facility, the Marquette Correctional Facility, and the Bellamy Creek Correctional Facility, and raises claims concerning his state criminal proceedings and seeking a federal grand jury. He names the Trinity Food Group, several prison wardens, and Detroit city and

police officials as the defendants in this action. He seeks injunctive-type relief and monetary damages. Having reviewed the matter, the Court denies the application to proceed without prepayment of fees or costs and dismisses the complaint (and supplement/amendment) without prejudice pursuant to 28 U.S.C. § 1915(g).

II. Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id*.; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma*

*pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court. The Court's records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See, e.g., McGore v. Michigan Supreme Ct. Judges*, No. 1:94-cv-00517 (W.D. Mich. Jan. 25, 1995); *McGore v. Nardi*, No. 2:93-cv-00137 (W.D. Mich. Aug. 2, 1993); *McGore v. Stine*, No. 2:93-cv-00112 (W.D. Mich. July 26, 1993); *McGore v. Stine*, No. 2:93-cv-00077 (W.D. Mich. April 30, 1993). Although the dismissals were entered before the PLRA's enactment, they nevertheless count as strikes. *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir.1998). In addition, Plaintiff has previously been denied leave to proceed *in forma pauperis* for having three strikes. *See, e.g., McGore v. United States Supreme Ct., et al.*, No. 2:14-CV-14716 (E.D. Mich. Jan. 8, 2015); *McGore v. Detroit Police Officers*, No. 2:11-CV-12994 (E.D. Mich. July 19, 2011); *McGore v. Lutz, et al.,* No. 2:09-CV-13031 (E.D. Mich. Aug. 11, 2009); *McGore v. Rich, et al.*, No. 1:09-cv-00395 (W.D. Mich. July 6, 2009); *McGore v. McKee, et al.*, No. 1:04-cv-00421 (W.D. Mich. Aug. 11, 2004); *McGore v. Gundy, et al.*, No. 1:00-cv-00155 (W.D. Mich. March 15, 2000).

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent

danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within the statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). An assertion of past danger is insufficient to invoke the exception. *Id*. Plaintiff does not allege any facts which indicate that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes rule. Consequently, he is not allowed to proceed without prepayment of the filing fee for this action.

III. Conclusion

Based upon the foregoing discussion, the Court concludes that Plaintiff has filed at least three previous lawsuits which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted and that he has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Court DENIES Plaintiff's application to proceed without prepayment of fees or costs and DISMISSES his complaint (with supplement/amendment) pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of

4

a new complaint with payment of the full filing fee.

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.


                                          s/Paul D. Borman
                                          Paul D. Borman
                                          United States District Judge

Dated: September 29, 2017


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 29, 2017.

                                          s/Deborah Tofil
                                          Case Manager